UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

KHABIB POGOSIAN,

                                               Plaintiff,      **AMENDED COMPLAINT**

             -against-                               19 Civ. 7566 (GBD)

THE CITY OF NEW YORK, DEP. INSP. STEVEN      **JURY TRIAL DEMANDED**
HELLMAN, SGT. GABRIEL OTERO, P.O.
JONMICHAEL DELAROSA, and P.O.s  JOHN and JANE
DOE #1-10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                             Defendants.

------------------------------------------------------------------------X

        Plaintiff KHABIB POGOSIAN, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

        1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

        2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

        3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff KHABIB POGOSIAN is a Caucasian male and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants DEP. INSP. STEVEN HELLMAN, SGT. GABRIEL OTERO, P.O. JONMICHAEL DELAROSA, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On August 13, 2017, plaintiff KHABIB POGOSIAN was lawfully present near the corner of 42nd Street and Fifth Avenue, in the County, City, and State of New York.

14. At aforesaid time and place, plaintiff KHABIB POGOSIAN was lawfully participating in protected First Amendment activities.

15. At aforesaid time and place, plaintiff KHABIB POGOSIAN was suddenly accosted by members of the New York City Police Department.

16. Defendants grabbed plaintiff KHABIB POGOSIAN and threw him to the ground.

17. Defendants deliberately flex-cuffed plaintiff KHABIB POGOSIAN more tightly and violently than is authorized or required by proper NYPD procedure.

18. As plaintiff KHABIB POGOSIAN was being placed into a police vehicle, the flex-cuffs, which evidently had been misapplied, tightened up even more.

19. Plaintiff KHABIB POGOSIAN was screaming in pain and begging to have the flex-cuffs removed, but defendants ignored him.

20. Plaintiff KHABIB POGOSIAN almost passed out from the pain.

21. As a result of defendants' actions, plaintiff KHABIB POGOSIAN sustained, *inter alia*, excruciating pain as well as injuries to his wrists, forehead, knee, chest, and ribs.

22. Defendants placed plaintiff KHABIB POGOSIAN under arrest despite defendants' knowledge that they lacked probable cause to do so.

23. Defendants transported plaintiff KHABIB POGOSIAN to the 7th Precinct of the New York City Police Department in New York, New York.

24. Plaintiff KHABIB POGOSIAN was released from the precinct with a Desk Appearance Ticket.

25. Plaintiff KHABIB POGOSIAN thereafter accepted an Adjournment in Contemplation of Dismissal.

26. Plaintiff KHABIB POGOSIAN was held and detained in custody for approximately five hours.

27. As a result of the foregoing, plaintiff KHABIB POGOSIAN sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

30. All of the aforementioned acts deprived plaintiff KHABIB POGOSIAN of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. As a result of the aforesaid conduct by defendants, plaintiff KHABIB POGOSIAN was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

36. As a result of the foregoing, plaintiff KHABIB POGOSIAN's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

**THIRD CLAIM FOR RELIEF**
**EXCESSIVE FORCE UNDER 42 U.S.C. §  1983**

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff KHABIB POGOSIAN's constitutional rights.

39. As a result of the aforementioned conduct of defendants, plaintiff KHABIB POGOSIAN was subjected to excessive force and sustained physical injuries.

### FOURTH CLAIM FOR RELIEF
### FIRST AMENDMENT OF THE U.S. CONSTITUTION UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. The arrest, detention, and brutalization of plaintiff KHABIB POGOSIAN were intended to, and did, chill plaintiff's right to assemble peaceably.

42. The arrest, detention, and brutalization of plaintiff KHABIB POGOSIAN were intended to, and did, chill plaintiff's right to free speech.

43. The arrest, detention, and brutalization of plaintiff KHABIB POGOSIAN were intended to, and did, chill plaintiff's right to petition the government for a redress of grievances.

### FIFTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Each and every individual defendant had an affirmative duty to intervene on plaintiff KHABIB POGOSIAN's behalf to prevent the violation of his constitutional rights.

46. The individual defendants failed to intervene on plaintiff KHABIB POGOSIAN's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

47. As a result of the aforementioned conduct of the individual defendants, plaintiff KHABIB POGOSIAN's constitutional rights were violated.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants arrested, incarcerated, and assaulted plaintiff KHABIB POGOSIAN in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest, incarceration, and assault would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

50. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

51. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

52. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, falsely arresting and/or using excessive force against individuals who are participating or are perceived to be participating in First Amendment protest activities.

53. The existence of the aforesaid custom and practice may be inferred from repeated occurrences of similar wrongful conduct, as documented in hundreds of claims arising from, *inter alia*, demonstrations in 2003 against the war in Iraq and in 2004 against the Republican National Convention; Critical Mass bicycle rides; and activities connected with Occupy Wall Street.

54. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff KHABIB POGOSIAN.

55. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff KHABIB POGOSIAN as alleged herein.

56. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff KHABIB POGOSIAN as alleged herein.

57. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff KHABIB POGOSIAN was falsely arrested, incarcerated, and assaulted.

58. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff KHABIB POGOSIAN.

59. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff KHABIB POGOSIAN's constitutional rights.

60. All of the foregoing acts by defendants deprived plaintiff KHABIB POGOSIAN of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from seizure and arrest not based upon probable cause;

   C. Not to have excessive force imposed upon him;

   D. To exercise his First Amendment rights;

   E. Not to have cruel and unusual punishment imposed upon him; and

   F. To receive equal protection under the law.

  61. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

  **WHEREFORE**, plaintiff KHABIB POGOSIAN demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
    December 12, 2019

                  /s/
                ROSE M. WEBER (RW 0515)
                30 Vesey Street, Suite 1801
                New York, NY 10007
                (212) 748-3355